STATE v. J. R. LIBBY.

(Filed 22 January, 1936.)

**Criminal Law G m—Plea of guilty on prior trial may be proved in subsequent trial for the same offense.**

Defendant pleaded guilty in the municipal court, but on appeal to the Superior Court pleaded not guilty. *Held:* Proof of the plea of guilty on the prior trial is competent in the Superior Court, and the introduction of the original warrants, fully identified as the records of the municipal court, for the purpose of corroborating the evidence of the plea in the municipal court, is without error, and is not objectionable as proof of proceedings in a court of record by evidence outside the record.

APPEAL by defendant from *McElroy, J.,* and a jury, at June Term, 1935, of GUILFORD. No error.

The defendant J. R. Libby pleaded guilty in the municipal court of the city of High Point for three violations of the Turlington Act and gave notice of appeal to the Superior Court of Guilford County at the June, 1935, Term of the Superior Court sitting in Guilford County, North Carolina, before a jury, with Judge P. A. McElroy presiding.

The defendant was again convicted of the aforementioned three violations of the Turlington Act on three warrants sworn out in the High Point municipal court.

The court consolidated the cases for judgment, and all of the cases were consolidated with the consent of the counsel for the defendant for judgment, and the defendant was sentenced to serve eighteen months in the county jail of Guilford County, North Carolina, to be assigned to work under the State Highway and Public Works Commission. The defendant excepted, assigned error, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Gold, McAnally & Gold for defendant.*

PER CURIAM. The defendant contends: "There is the fundamental principle of evidence that proceedings in a court of record are evidenced by the record, and proof outside of the record is inadmissible to establish such proceedings, without proof of the loss or destruction of the record. *Gauldin v. The Town of Madison,* 179 N. C., 461."

The above is well settled by law, but is not applicable on the present record. The defendant, in the High Point municipal court, pleaded guilty on three warrants charging him with the unlawful sale of intoxicating liquor. He was sentenced and appealed to the Superior Court.

and pleaded not guilty, and was tried and convicted by the jury, and again sentenced, and appealed to the Supreme Court. In the Superior Court the evidence was plenary as to the unlawful possession of intoxicating liquor as charged in the warrants. The original warrants were sent up on the appeal, and defendant was tried on same. The warrants were introduced and identified by officers present at the hearing when the defendant pleaded guilty in the High Point municipal court. They were offered to show the date and in corroboration of defendant's plea of guilty. The warrants themselves show the plea of guilty and were fully identified as the records in the High Point municipal court.

It is well settled that a plea of guilty on a prior trial may be proved in a subsequent trial for the same offense.

In the trial in the court below, we see no prejudicial or reversible error.

No error.